# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GLENN BRODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARAUDER CORPORATION | ) |
| d/b/a COLLECTION | ) |
| PROFESSIONAL SERVICES | ) |
| and RYON GAMBILL, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, GLENN BRODY, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his Complaint against the Defendants, MARAUDER CORPORATION d/b/a COLLECTION PROFESSIONAL SERVICES and RYON GAMBILL, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. GLENN BRODY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Independence, County of Jackson, State of Missouri.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Solomon Finance, Inc. (hereinafter, "Solomon").

6. The debt that Plaintiff allegedly owed Solomon was for a payday loan, the funds of which were for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. MARAUDER CORPORATION d/b/a COLLECTION PROFESSIONAL SERVICES, (hereinafter, "MARAUDER") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is incorporated in the State of California.

9. The principal purpose of MARAUDER's business is the collection of debts allegedly owed to third parties.

10. MARAUDER regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, MARAUDER sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, MARAUDER acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, MARAUDER acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

14. Defendant, RYON GAMBILL, (hereinafter "GAMBILL") is an individual who, upon information and belief, was at all relevant times residing in the State of California.

15. At all relevant times, GAMBILL was acting as the President of MARAUDER.

16. Upon information and belief, at all relevant times, GAMBILL was acting as an Owner, Officer, Director, Manager and/or agent of MARAUDER.

17. Upon information and belief, at all relevant times, GAMBILL was vested with the responsibility to manage MARAUDER.

18. Upon information and belief, at all relevant times, GAMBILL was responsible for the management and/or affairs of MARAUDER.

19. Upon information and belief, at all relevant times, GAMBILL was responsible for the day to day operations of MARAUDER.

20. Upon information and belief, at all relevant times, GAMBILL was responsible for the supervision of MARAUDER's employees, agents and/or representatives that were attempting to collect debts.

21. Upon information and belief, at all relevant times, GAMBILL was responsible for the management of MARAUDER's employees, agents and/or representatives that were attempting to collect debts.

22. As such, at all relevant times, GAMBILL acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## IV. ALLEGATIONS

### COUNT I:
### GLENN BRODY v. MARAUDER CORPORATION d/b/a COLLECTION PROFESSIONAL SERVICES

23. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

24. On or about September 9, 2011, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that he was calling to collect a debt allegedly owed by Plaintiff to Solomon.

25. The aforesaid telephone conversation was Defendant's initial communication with Plaintiff.

26. During the course of the aforesaid telephone conversation, Plaintiff requested that Defendant provide him with documentation to demonstrate that he owed a debt to Solomon.

27. Plaintiff advised Defendant that he believed he had paid in full the debt he allegedly owed to Solomon.

28. Defendant responded by informing Plaintiff that it would not send him documentation relative to the debt on which it was attempting to collect.

29. Defendant then told Plaintiff that if Plaintiff did not make a payment to Defendant relative to the debt he allegedly owed then Defendant would file a lawsuit against Plaintiff.

30. During the aforesaid telephone call, Defendant's duly authorized representative then raised his voice at Plaintiff.

31. Defendant then told Plaintiff that he was a "con-artist."

4

32. Defendant's statement as delineated above was neither a statements made in an effort to seek payment from Plaintiff nor a statement made to further the collection efforts of Defendant.

33. The natural consequence of Defendant's statement was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed Solomon.

34. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

36. During the course of the aforesaid telephone call, Defendant further reiterated to Plaintiff that if he did not make a payment to Defendant relative to the debt on which Defendant was attempting to collect then Defendant would file a lawsuit against Plaintiff.

37. Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

38. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

39. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

40. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

41. Immediately after the aforesaid telephone conversation, on or about that same day, September 9, 2011, Plaintiff initiated a telephone to Defendant wherein Plaintiff asked to speak to a manager at Defendant.

5

42. Plaintiff then engaged in a telephone conversation with a duly authorized representative of Defendant who identified himself as a manager.

43. During the course of the aforesaid telephone call, Plaintiff, again, requested that Defendant provide him with documentation relative to the debt on which it was attempting to collect.

44. Defendant advised Plaintiff that it would send him documentation to validate the debt on which Defendant was attempting to collect.

45. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

46. On or about November 4, 2011, Defendant sent a correspondence to Plaintiff. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

47. In the aforesaid correspondence, Defendant stated that Plaintiff owed a debt to Solomon in the amount of $181.00.

48. In the aforesaid correspondence, Defendant enclosed a copy of the putative contract Plaintiff signed with Solomon.

49. The terms of the putative contract enclosed within Defendant's correspondence stated that Plaintiff owed an amount of $195.00 which was to be due on December 31, 2009.

50. The terms of the putative contract enclosed within Defendant's correspondence stated that Plaintiff owed interest on the aforesaid amount at an annual rate of 547.50%.

51. In 2009, Plaintiff had made payments to Solomon relative to the debt on which Defendant was attempting to collect.

52. The documentation Defendant sent to Plaintiff did not list the payments that Plaintiff had made towards the debt he allegedly owed.

53. The documentation Defendant sent to Plaintiff did not validate the amount of the debt on which Defendant was attempting to collect.

54. To date, despite Defendant's representation that it would provide Plaintiff with documentation to validate the debt on which it was attempting to collect, Defendant has not provided Plaintiff with the aforesaid documentation.

55. Defendant's representations to Plaintiff, on or about September 9, 2011, that it would provide Plaintiff with documentation to validate the debt on which it was attempting to collect were false, deceptive and/or misleading given that Defendant did not provide Plaintiff with the documentation as represented.

56. In the aforesaid correspondence Defendant sent to Plaintiff, Defendant provided Plaintiff with a putative "case number." (**Exhibit A**).

57. In the aforesaid correspondence Defendant sent to Plaintiff, Defendant stated "[w]e have taken assignment of the debt from the victim for collection of the balance in full. Our agency will enforce the original creditor's rights to **THE FULLEST EXTENT OF THE LAW!!!**." (*Emphasis included*). (**Exhibit A**).

58. In the aforesaid correspondence Defendant sent to Plaintiff, Defendant further stated "[p]lease contact this office by phone so that arrangements may be made and any further action may be stopped!" (**Exhibit A**).

7

59. Defendant's representations, as delineated above, in conjunction with the fact that Defendant provided Plaintiff with a putative case number had the effect of conveying to an unsophisticated consumer that Defendant had filed a lawsuit against Plaintiff relative to the debt on which it was attempting to collect.

60. Defendant's representations that it had filed a lawsuit against Plaintiff were false, deceptive and/or misleading given at the time Defendant made the aforesaid representations no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

61. Defendant's representations that it had filed a lawsuit against Plaintiff misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given at the time Defendant made the aforesaid representations no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

62. In the aforesaid correspondence, Defendant further stated "[i]f you believe you have paid for this check already or someone has made a mistake, please call us so we can get the problem resolved. (Verification of payment will be required). (**Exhibit A**).

63. Defendant's representation, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff disputed owing the debt on which Defendant was attempting to collect then it was Plaintiff's responsibility to validate to Defendant that the debt on which it was attempting to collect had been paid in full.

64. Defendant's representation that it was Plaintiff's responsibility to validate to Defendant that the debt on which it was attempting to collect had been paid in full was false, deceptive and/or misleading given that had Plaintiff sent a timely written request to Defendant it would be Defendant, not Plaintiff's responsibility, to provide documentation to demonstrate that the debt on which it was attempting to collect was valid.

8

65. In its attempts to collect the debt allegedly owed by Plaintiff to Solomon, Defendant, MARAUDER, violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    f. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    i. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

66. As a result of MARAUDER's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, GLENN BRODY, by and through his attorneys, respectfully prays for judgment against Defendant, MARAUDER CORPORATION d/b/a COLLECTION PROFESSIONAL SERVICES, as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs; and,

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II:
## GLENN BRODY v. RYON GAMBILL

67. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

68. In its attempts to collect the debt allegedly owed by Plaintiff to Solomon, Defendant, GAMBILL, violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

f.  Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

g.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

h.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

i.  Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

j.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

69. As a result of GAMBILL's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, GLENN BRODY, by and through his attorneys, respectfully prays for judgment against Defendant, RYON GAMBILL, as follows:

a.  All actual compensatory damages suffered;

b.  Statutory damages of $1,000.00;

c.  Plaintiff's attorneys' fees and costs; and,

d.  Any other relief deemed appropriate by this Honorable Court.

## V.  JURY DEMAND

70. Plaintiff hereby demands a trial by jury on all issues so triable.

          Respectfully submitted,
          **GLENN BRODY**

    By:    s/ Joan M. Landmann
          Attorney for Plaintiff

Dated: January 9, 2012

Joan M. Landmann (Bar # 57461)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (314) 667-4382
Facsimile:   (888) 418-1277
E-Mail:      jlandmann@smithlaw.us

12